UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARON R. J. GREEN,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF KERN, et al.<br><br>                    Defendants. | Case No. 1:25-cv-614-EPG (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM; DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(ECF No. 12).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff SaRon Green proceeds *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 3). Plaintiff filed the initial complaint commencing this action on May 23, 2025. (ECF No. 1). Plaintiff alleges that he signed a form relating to his deceased mother's remains, but that someone at the Kern County Sheriff's Office provided his family with a forged form instead, and as a result his mother's remains were cremated rather than buried. (*Id.*, pp. 4-5).

On January 12, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. The Court provided Plaintiff with leave to file a first amended complaint or to notify the Court that he wants to stand on his initial complaint. (ECF No. 11).

1

Plaintiff filed a first amended complaint on February 23, 2026. (ECF No. 12).

Plaintiff's first amended complaint alleges that following his mother's death, he was provided three forms by individuals at the Kern County Sheriff's Department, one of which Plaintiff alleges was forged and provided to his family. As a result, Plaintiff states his mother's remains were cremated rather than buried. (ECF No. 12).

Upon review, the Court will recommend that Plaintiff's first amended complaint be dismissed.

## I.   SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   BACKGROUND

### A.   Plaintiff's Initial Complaint and Screening Order

Plaintiff filed his complaint[1] on May 23, 2025, and named as defendants the County of Kern, Kern County Sheriff's Department, and Kern County Jail Justice Facility (KCJJF). (ECF No. 1).

Plaintiff stated on July 13, 2022, his mother passed away while he was in custody at KCJJF. Plaintiff alleged that he was provided with an authorization/consent form to designate an individual to be responsible for the cremation and/or funeral and was told to sign the form by a Sheriff officer and Chaplin Victor Perez. (*Id.* at 3). Plaintiff alleged he signed the form, as did Chaplin Perez and dated it July 27, 2022. (*Id.*). However, Plaintiff alleges that night he was brought a blank authorization/consent form and the form that he and Chaplin Perez signed

---

[1] On August 11, 2025, Plaintiff filed a "Notice of Motion and Motion to Amend the Complaint," in which Plaintiff requested leave to file a First Amended Complaint. (ECF No. 9). On August 21, 2025, the Court granted Plaintiff leave to file a First Amended Complaint no later than October 6, 2025. (ECF No. 10). However, the Court stated that "[i]f no amended complaint is filed by the October 6, 2025, deadline, the Court will proceed with screening the current complaint." (ECF No. 10). Plaintiff never filed a first amended complaint.

earlier.[2] Plaintiff alleged, "I had Deputy Sheriff Valdez (after my signature & Chaplin's signature) make a copy of the 'original form' and the duplicated copy/forged form." (*Id.*).

Plaintiff stated that "the forged document . . . was the form turned over for my family to proceed with my mother's death, as if it were a true and legal document, which it is not and my rights/consents & authorization was not given legally!  So my mother was 'cremated' & 'not buried' by this forged document and my rights could not be given without my valid signature." (*Id.* at 5).

On January 12, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. The Court provided Plaintiff with leave to file a first amended complaint or to notify the Court that he wants to stand on his initial complaint. (ECF No. 11). Additionally, the screening order provided Plaintiff with the appropriate legal standards. (*Id.*).

### B.     Plaintiff's First Amended Complaint

Plaintiff filed a first amended complaint on February 23, 2026. (ECF No. 12). In the amended complaint, Plaintiff names as defendants: County of Kern; Kern County Sheriff Department; Kern County Jail Justice Facility; Victor Perez, Institutional Chaplain at Kern County Jail; KCSO Deputy Valdez; Kern County Sheriff's Office Coroner; Chief Deputy Sheriff Donny Youngblood; and KCSO Commander Cisneros. (*Id.* at 2).

Generally, Plaintiff's claims in the first amended complaint are similar to the claims in his initial complaint. Plaintiff alleges following his mother's death, he was provided a mortuary release form by Chaplin Perez, which he alleges was signed, but not by him (*Id.* at 3, 8). Plaintiff alleges two days later, he was brought another form, Kern County Sheriff's Office Coroner Authorization/Consent. The form was blank, except for the signature of Chaplin Perez. The form provided authorization or consent to an individual to handle all cremation or funeral determinations. Plaintiff filled out and signed the form, provided the maiden name of his younger sister, because he was unaware that she married. (*Id.* at 5, 10). Plaintiff alleges this form was not submitted, but a second form was submitted, which provided his sister's married name. (*Id.* at 6, 12).

---

[2] Plaintiff attached both forms as exhibits. Plaintiff alleges Exhibit A is the "forged" document and Exhibit B is the "valid" form.

3

As a result, Plaintiff alleges his mother was cremated, instead of provided a funeral, as he and his siter agreed to. (*Id.* at 5).

Plaintiff seeks damages in the amount of $250 million.

### III.  ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Lack of Short and Plain Statement

Plaintiff's complaint is subject to dismissal for failure to comply with Rule 8's requirement of a short and plain statement.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's first amended complaint does not contain a short and plain statement of Plaintiff's claims, as required by this Rule.  While Plaintiff lists various constitutional violations throughout, such as the contracts clause, the takings clause, and due process, he does not describe what facts support what claims. Plaintiff also does not name any person who allegedly violated his rights. Plaintiff merely claims the named defendants violated the "color of office" by acting as such and not stopping "him" from forging his signature on the submitted form.

Thus, Plaintiff's Complaint is subject to dismissal for not containing a short and plain

statement of the claim as required by Rule 8.

**B.  State Law Fraud Claim**

To the extent Plaintiff intends to assert a claim for fraud against Chaplin Perez, that claim is also subject to dismissal because it is a state law claim that cannot proceed as the only claim in federal court, and because Plaintiff has not indicated he complied with the California Government Claims Act.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  Federal courts have jurisdiction only if the claim arises under the Constitution, laws or treaties of the United States, over where there is diversity of citizenship. *See* 28 U.S.C. § 1331 (providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"); *see also* 28 U.S.C. § 1332(a)(1) (providing that district courts have subject matter jurisdiction if there is diversity jurisdiction).

Fraud is tort claim under state law.  *See Dhital v. Nissan North America, Inc*., 84 Cal.App.5th 828, 838–839 (2022) (giving elements of fraud under California law).  It is not a federal claim and is not subject to federal jurisdiction.[3]

Moreover, any fraud claim against a government employee must allege compliance with the Government Claims Act.  California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950– 950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.  *Bodde,* 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 627 (9th Cir. 1988).

---

[3] Although this Court could exercise supplemental jurisdiction over such a claim if there were other federal claims pending in the case, Plaintiff's first amended complaint does not assert any federal claims.

Plaintiff's first amended complaint does not allege that he filed a claim with the California Victim Compensation and Government Claims Board or otherwise complied with California's Government Claims Act.

As such, Plaintiff's state law claim for fraud should be dismissed.

## IV.    CONCLUSION AND RECOMMENDATIONS

For these reasons, the Court recommends that this action be dismissed without prejudice. The Court screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint.  Thus, it appears that further leave to amend would be futile.

Accordingly, the Clerk of Court is directed to assign a district judge to this action.

Additionally, IT IS RECOMMENDED that:

1.    This case be dismissed, without prejudice; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**April 23, 2026**__                          /s/ _Erica P. Grosjean_
                                                              UNITED STATES MAGISTRATE JUDGE

6